*85 The opinion of the Court was delivered by
Wabdlaw, Ch.
The parties to this suit are the administrator and tbe widow of Daniel Mullins, wbo died intestate; and the subject of the suit is the rents and.profits of land : which land is claimed on one side to belong to the intestate, and on the other to belong to the trust estate of defendant. Debts of the intestate are incidentally mentioned in the course of the proceedings, but the creditors are not made parties to the bill; and the case is to be determined on the principles which would be applicable to a suit between the intestate and the defendant. The right of an administrator to interfere at all with- the lands of his intestate, is so equivocal, that we are not bound to recognize his claim for rents and profits, where the lands are held by adverse title. The circuit decree refuses to the plaintiff the relief he seeks, and has no other result. It does not conclude the claims of any person who is not a party nor a privy to the, suit.
Upon the question of fact, whether the Foster and Mullinax tracts were purchased with the trust funds of the defendant, this Court will not review closely the judgment of the Chancellor. The proof of the fact is not direct and precise, but is satisfactorily deduced from all the circumstances of the case. Granting that it might be insufficient to induce the active interposition of the Court in favor of the defendant, if she were claiming a remedy, it affords abundant justification to the Court in staying its hand, and leaving the parties where they are found.
The conclusion of the Chancellor as to the fact, is - assailed, principally, under the third ground of appeal, upon the assumption, that by the sale of the homestead to Finch, the intestate converted into money an interest in remainder to which he was legally entitled ; and that he invested this money in the two tracts now in controversy.
If the remainder in the homestead were at first purchased by Mullins and wife from Austin and wife, with the trust funds of defendant, the trusts would follow the re-investment; upon general principles, and according to the express terms of the settle *86 ment of D. Mullins. That this remainder was so purchased, can hardly be doubted, if we bear in mind that this purchase was made three months after the settlement, and little longer after the marriage of Mullins and wife ; and that Mullins had no means of his own.
Supposing, however, that D. Mullins contributed from his private resources to the purchase of this remainder, still he would not be entitled in equity, to any portion, during the life of his wife, of the proceeds of a subsequent sale of the whole estate in the land. Jane Mullins, under the will of her former husband, was entitled to an estate for life in this land, and this estate was settled to her sole and separate use by the deed of D. Mullins. Afterwards Mullins and wife acquired an estate in entirety in the remainder in fee. These estates will not be suffered to coalesce. There would be no merger of such estates at law. The title of one of Mr. Preston’s chapters, in his treaties on merger, is: £ The freehold of the wife will not in any case merge in the freehold of the husband.’ Where the husband has a freehold and also the fee in right of his wife, and there is no joarticular reason for keeping the estates apart, the law permits the merger; but if one of the estates, the freehold or the fee, be held by entirety, as in this case, the reason for exemption from merger is applicable. (Preston on Merger, 308; Shep. Touch. 316.) If there had been a legal merger, that would not be permitted in this Court to defeat equitable estates and interests. (Thorn vs. Newman, 3 Swan. 603; Nurse vs. Yerworth, Ib. 608.) Much less, where there is no legal merger, will this Court introduce the doctrine of merger into trusts, merely for the purpose of defeating equities, and destroying its own jurisdiction in the protection of the interests of married women. (Whittle vs. Henning, 2 Phil. 731.) The rules of this Court for the protection of married women are designed to protect them against the influence of their husbands, when exercised for appropriating to themselves property which the wives ought to enjoy. The Court will protect the reversionary interest of the wife in personalty, by considering it still rever- *87 sionary, notwithstanding all interested in the precedent estate, by surrender or otherwise, may attempt to unite all parts of the estate in her person, for the purpose of enabling her to dispose of the whole. (Whittle vs. Henning.) The Court will not consent that she shall waive her chances of survivorship. The wife, in the present instance, equally needs this protection as to her real estate. It is doubtful, whether a life estate in the wife is her inheritance, in the sense in which the word is used in our statute, prescribing a form by which she may convey her inheritance, (a) At least, equity requires us to consider the proceeds of the sale of her land as still retaining the incidents of the original estate— and that she is still entitled to the income for her separate use for life, with the chance of taking the whole capital by survivor-ship, as an incident of the estate by entirety. According to this view, D. Mullins was not entitled to appropriate to his own use any portion of the money received from Einch, the vendee.
We concur with the Chancellor, that D. Mullins is not entitled to a present interest of one-third of the estate conveyed by his deed. It would be a preposterous construction, which would give him a right to immediate re-conveyance of one-third of the estate, when he expressly gives the whole to his wife for life, and also gives to her the right to dispose of two-thirds thereof by will. His claim to the re-conveyance of one-third is subject and subsequent to these rights of the wife.
It is ordered and decreed, that the decree be affirmed, and the appeal be dismissed.
Johnston and Dahgan, CC., concurred.
Dunein, Ch., absent at the hearing.

Decree affirmed.

 Hays vs. Hays, 5 Rich. 31.